UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                                    609-989-0478
United States Bankruptcy Judge                                           609-989-2259 Fax

July 5, 2012

Daniel E. Straffi, Esq.
Straffi & Straffi
670 Commons Way, Building 1
Toms River, NJ 08755
Plaintiff, Chapter 7 Trustee

Gregory W. Hauswirth, Esq.
Thorp Reed & Armstrong, LLP
824 N. Market Street, Suite 710
Wilmington, DE 19801
        -and-
Matthew Garrett Maben, Esq.
Forshey & Prostok, LLP
777 Main Street, Suite 1290
Fort Worth, TX 76102
Attorneys for Defendant, Elegant Windows, Inc.

Re:  In re Bamboo Abbott, Inc. (Chapter 7) (MBK)
        Case No. 09-28689
        Adv. Pro. No. 11-02139

Counselors:

        This matter is before the Court upon the motion ("Motion") for summary judgment of

Daniel Straffi, Esq., Chapter 7 Trustee ("Trustee"), on Counts I and II of the Trustee's Adversary

Proceeding against Defendant Elegant Windows, Inc. ("Elegant"), which seeks to recover certain

transfers pursuant to 11 U.S.C. §§ 547 and 549.  The Court has reviewed the pleadings submitted

and entertained oral argument on June 4, 2012.  The Court issues the following ruling:

## I.    Jurisdiction

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(b) and

157(a) and the Standing Order of the United States District Court dated July 10, 1984, referring

all bankruptcy cases to the bankruptcy court.   This matter is a core proceeding within the

meaning of 28 U.S.C. §§ 157(b)(2)(A), (F) and (O).  Venue is proper in this Court pursuant to 28

U.S.C. §§ 1408 and 1409.

## II.    Background

On July 19, 2009 ("Petition Date"), Bamboo Abbott, Inc., d/b/a Prestige Window

Fashions ("Debtor"), filed a voluntary Chapter 11 bankruptcy petition.  On March 2, 2010, the

case was converted to a Chapter 7 under the Bankruptcy Code.  On July 15, 2011, the Trustee

filed the above-referenced Adversary Proceeding seeking, *inter alia*, to recover transfers

pursuant to 11 U.S.C. §§ 547 and 549.  On May 11, 2012, the Trustee filed the within Motion,

arguing that partial summary judgment should be granted in his favor.  On May 30, 2012,

Elegant filed its opposition to the Motion disputing the Trustee's allegations.

The central issue before the Court is whether certain transfers received by Elegant should

be avoided or whether Elegant was acting as a "mere conduit" between the Debtor and Beautiful

Window Enterprise Co., Ltd. ("Beautiful Window"), one of the Debtor's creditors, when it

received such transfers.   The Trustee argues that certain statements contained in Elegant's

proofs of claim -- *i.e.,* that Elegant filed the proofs of claim on behalf of *itself* and that the

relationship between Beautiful Window and Elegant called for monies owed by the Debtor to

Beautiful Window to be paid directly to Elegant – prove that Elegant is a direct creditor of the

2

Debtor and not a "mere conduit" between the Debtor and Beautiful Window.  The Trustee

further argues that such statements are dispositive and binding judicial admissions in the

Adversary Proceeding.  To the contrary, Elegant contends that it acted only as a "mere conduit"

between the Debtor and Beautiful Window and highlights specific language in its proofs of

claim to demonstrate that Elegant serves merely as an agent of Beautiful Window.  At a

minimum, Elegant argues that there is a question of fact as to the relationship between the

Debtor, Elegant, and Beautiful Window, which would defeat summary judgment at this stage of

the proceedings.

### III.    Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, the discovery, and disclosure

materials on file, and any affidavits show there is no genuine issue as to any material fact and the

moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).[1]  As the

Supreme Court has indicated, "Summary judgment procedure is properly regarded not as a

disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which

are designed 'to secure the just, speedy, and inexpensive determination of every action.'"

Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (citing Fed. R. Civ. P. 1).  In deciding a

---

[1] Federal Rule of Civil Procedure 56 was amended as of December 1, 2010.  As noted by the court in Guiliano v.
Coy (In re Coy):

> Subdivision (a) now contains the summary judgment standard previously stated in
> subdivision (c). Fed. R. Civ. P. 56 Advisory Committee's Note to 2010 Amendments
> ("Subdivision (a) carries forward the summary-judgment standard expressed in
> former subdivision (c), changing only one word—genuine 'issue' becomes genuine
> 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination.").

2011 Bankr. LEXIS 3196, *6-7 (Bankr. D. Del. Aug. 22, 2011).

motion for summary judgment, the judge's function is to determine if there is a genuine issue for trial. Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 637 (3d Cir. 1993).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Huang v. BP Amoco Corp., 271 F.3d 560, 564 (3d Cir. 2001) (citing Celotex Corp., 477 U.S. at 323). In determining whether a factual dispute warranting trial exists, the court must view the record evidence and the summary judgment submissions in the light most favorable to the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Issues of material fact are those "that might affect the outcome of the suit under the governing law." Id. at 248. An issue is genuine when it is "triable," that is, when reasonable minds could disagree on the result. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citations omitted). If the moving party will bear the burden of persuasion at trial, the party must support its motion with credible evidence - using any of the materials specified in Rule 56(c) - that would entitle it to a directed verdict if not controverted at trial. Celotex Corp., 477 U.S. at 331. Such an affirmative showing shifts the "burden of production" to the party opposing the motion and requires the party to either demonstrate the existence of a "genuine issue" for trial or to request additional time for discovery under Fed. R. Civ. P. 56(f). Fed. R. Civ. P. 56(e).

Once the moving party establishes the absence of a genuine issue of material fact, however, the burden shifts to the non-moving party to "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. A party may not defeat a motion for summary judgment unless it sets forth specific facts, in a form that "would be admissible in evidence," establishing the existence of a genuine issue of material fact

4

for trial.  Fed. R. Civ. P. 56(e) (providing that in response to a summary judgment motion the

"adverse party may not rest upon the mere allegations or denials of [its] pleading, but the adverse

party's response, by affidavits  or as otherwise provided in this rule, must set forth specific facts

showing that there is a genuine issue for trial").  See also Fireman's Ins. Co. of Newark, N.J. v.

DuFresne, 676 F.2d 965, 969 (3d Cir. 1982); Olympic Junior, Inc. v. David Crystal, Inc., 463

F.2d 1141, 1146 (3d Cir. 1972).  If the nonmoving party's evidence is a mere scintilla or is not

"significantly probative," the court may grant summary judgment.  Liberty Lobby, Inc., 477 U.S.

at 249-50.  The non-movant will prevail only if the evidence produced is of "sufficient quantum

and quality" to allow a rational and fair-minded fact finder to return a verdict in his favor,

bearing in mind the applicable standard of proof that would apply at trial on the merits.  Id. at

249.

> ### IV.    Legal Analysis
>
> #### A.    11 U.S.C. §§ 547 and 549

Under 11 U.S.C. § 547, a trustee or the debtor-in-possession can dismantle select

transactions between a debtor and its creditors that occurred within the ninety (90) days [or a

year if the creditor is an "insider"] immediately preceding the bankruptcy filing.  Barnhill v.

Johnson, 503 U.S. 393, 394 (U.S. 1992); see also 11 U.S.C. § 110; Rzasa-Ormes v. Arturi,

D'Argenio, Guaglardi & Meliti, LLP, 2010 Bankr. LEXIS 3747, 9-11 (Bankr. D.N.J. Oct. 25,

2010). If the bankruptcy court declares that an avoidable preference has occurred, the creditor

must forfeit its improved position and must return any preferential transfers it received.  Johnson,

503 U.S. at 394. Section 547(b) explains the elements of a preferential transfer:

> Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property . . .
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made . . .
>> (A) on or within 90 days before the filing of the petition; or
>> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if . . .
>> (A) the case were a case under Chapter 7 of this title
>> (B) the transfer had not been made; and
>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

Section 547's avoidance power aims "to foster equality of treatment among creditors and to discourage creditors from incapacitating a firm by racing to attach its assets shortly before bankruptcy." Pineview Care Ctr. v. Mappa (In re Pineview Care Ctr.), 152 B.R. 703, 705 (D.N.J. 1993); see also MR Wind Down Co. v. Rock-Tenn Converting Co. (In re Markson Rosenthal & Co.), 2009 Bankr. LEXIS 3901 (Bankr. D.N.J. Oct. 27, 2009). In a preference action, § 547(b) places the burden of proof on the trustee or the debtor-in-possession to establish the avoidability of a transfer by a preponderance of the evidence. See 11 U.S.C. § 547(g).

With respect to post-petition transactions under 11 U.S.C. § 549, the Trustee must satisfy three requirements, demonstrating that: (1) the transfer involved property of the estate, as it occurred before confirmation of the plan revested the estate property in the debtor;

6

(2) the transfer occurred after commencement of the case; and, (3) the transfer was not

authorized by any provision of the Bankruptcy Code or by the court.  See 11 U.S.C. § 549; see

also In re Chattanooga Wholesale Antiques, Inc., 930 F.2d 458, 465 (6th Cir. Tenn. 1991).  "The

purpose of this provision is to allow a trustee to avoid those transfers which deplete the estate."

Springel v. Prosser, 2012 U.S. Dist. LEXIS 82669, *4 (D.V.I. June 12, 2012) (citations omitted).

"Once a trustee has established a post-petition transfer was unauthorized, the burden then shifts

to the recipient to show the validity of the transfer or assert an affirmative defense..." Id. at *4-

5.

In light of the foregoing, the question the Court is faced with is (i) whether the

Trustee has proven under 11 U.S.C. § 547 that the alleged pre-petition transfers were to Elegant

as a creditor of the Debtor and (ii) whether the alleged post-petition transfers were unauthorized

under 11 U.S.C. § 549.  The Trustee attempts to satisfy these requirements by holding Elegant to

certain statements made in its proofs of claim.  For the reasons that follow, however, the Court

rules that while Elegant's statements carry evidentiary weight, the admissions contained in

Elegant's proofs of claim are not dispositive and Elegant may introduce factual evidence as to

the relationship it holds with Beautiful Window.  Summary judgment is not appropriate at this

phase of the litigation.

**B.    Judicial Admissions**

"A 'judicial admission' is an admission made by a party in pleadings, stipulations

and the like." Jordan v. Greentree Consumer Disc. Co. (In re Jordan), 403 B.R. 339, 351-352

(Bankr. W.D. Pa. 2009).  "An unequivocal judicial admission is binding on the party who made

7

it for the purposes of the case in which it is made." Id.  "The salient point is that judicially

admitted matters are so far beyond dispute that evidence is not required." In re Applin, 108 B.R.

253, 258, fn7 (Bankr. E.D. Cal. 1989).

       While, as noted by the Trustee, the Court may accept certain statements made in a

proof of claim as judicial admissions in a separate adversary proceeding, In re Jordan, *supra*, it is

within the Court's discretion to do so.  See Oak Mill Enterprises 2000, Inc. v. Knopfler, 141 B.R.

1000, 1006 (Bankr. N.D. Ill. 1992) ("Once it is determined that a statement is a judicial

admission it is within the court's discretion whether to accept or reject it").  Indeed, "[t]he

Bankruptcy Court is best positioned to assess the facts," In re Myers, 491 F.3d 120, 125-126 (3d

Cir. Pa. 2007), and is "entitled as the trier of fact to decide how to weigh the evidence before it,"

In re Hood, 449 Fed. Appx. 507, 510 (7th Cir. Ill. 2011).

       In that regard, the Court is persuaded by the rationale set forth in Oak Mill

Enterprises 2000, Inc., which reasoned that while statements made in a main bankruptcy case

may be admissible in an adversary proceeding as an admission of a party-opponent, those

statements are not judicial admissions with conclusive effect because they were not made in the

same proceeding.  See Oak Mill Enterprises 2000, Inc., 141 B.R. at 1007.  Moreover, the Court

recognizes the ability of a party making an alleged judicial admission to subsequently provide a

timely explanation as to an error, which the trial court must take into account.  As explained in

Kasbee v. Huntington Nat'l Bank (In re Kasbee), 466 B.R. 719, 723 (Bankr. W.D. Pa. 2010),

"[a]lthough factual assertions in a pleading can ultimately be considered judicial admissions,

'admissions' made in superceded pleadings lose their binding force and have value only as

evidentiary admissions…**An unequivocal judicial admission is binding on the party who made it which is to be distinguished from an evidentiary admission which is admissible but not conclusive.**" (emphasis added).

In this case, the alleged admissions by Elegant are statements that were made in the proofs of claim filed by Elegant in the main bankruptcy case. In line with Oak Mill Enterprises 2000, Inc., the Court elects to treat those statements as evidentiary admissions in the pending adversary proceeding, as those alleged admissions were made in a separate proceeding and are not conclusive. At a minimum, Elegant has raised a factual dispute as to the relationship of the parties which cannot be resolved at the summary judgment stage. Accordingly, the Court will deny summary judgment at this juncture due to the continuing factual dispute between the parties.

V.      **Conclusion**

For the reasons set forth above, the Trustee's Motion is DENIED. Elegant is directed to submit an order consistent with the Court's ruling.

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: July 5, 2012